## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW M. CIRKO o/b/o** | : | **CIVIL ACTION NO. 1:17-CV-680** |
| **SANDRA L. CIRKO,** | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NANCY A. BERRYHILL,** | : | |
| **Acting Commissioner of the** | : | |
| **Social Security Administration,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 4th day of March, 2019, upon consideration of the appeal

(Doc. 1) of plaintiff Andrew M. Cirko ("plaintiff") on behalf of his late wife, Sandra

L. Cirko ("Cirko"), from the decision of the Acting Commissioner of the Social

Security Administration ("Commissioner") denying Cirko's claim for disability

insurance benefits and supplemental security income, as well as the report (Doc. 17)

of Chief Magistrate Judge Susan E. Schwab, recommending that the court deny the

appeal and affirm the Commissioner's decision, and further upon consideration of

Cirko's objections (Doc. 18) to the report and the Commissioner's response (Doc. 23)

thereto, and it appearing that plaintiff raises a challenge to the appointment of the

administrative law judge ("ALJ") who decided Cirko's claim on the ground that the

ALJ was not appointed in compliance with the requirements of the Appointments

Clause of the United States Constitution, (see Doc. 18 at 1-2), and invokes as support

the Supreme Court's recent decision in Lucia v. S.E.C., 585 U.S. ___, 138 S. Ct. 2044

(2018), issued just three weeks before the report and recommendation in this case,

wherein the Court held that the Securities and Exchange Commission's ALJs are inferior officers of the United States and must be properly appointed in accordance with the Appointments Clause, Lucia, 138 S. Ct. at 2049, 2051-54, and that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief," id. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)), and it also appearing that the Commissioner does not dispute the merits of plaintiff's Appointments Clause challenge, but only whether that claim has been "timely" raised as that language is utilized in Lucia, (see Doc. 23 at 6-17), and the court observing that the Commissioner raises arguments identical to those raised in Bizarre v. Berryhill, No. 1:18-CV-48, Doc. 27 (M.D. Pa. Mar. 4, 2019), wherein the undersigned recently determined that there exists no clear statutory, regulatory, or judicial authority requiring claimants to exhaust an Appointments Clause challenge before the Social Security Administration or warning that failure to do so will forfeit judicial review of that claim, see id. at 4-10, and further determined that, to the extent an exhaust-or-forfeit requirement exists, the circumstances warrant an exercise of the court's discretion under Freytag v. Commissioner of Internal Revenue, 501 U.S. 868 (1991), to consider the Appointments Clause challenge "whether or not [it was] ruled upon below," Freytag, 501 U.S. at 878-79, particularly because the challenge was "neither frivolous nor disingenuous," Bizarre, No. 1:18-CV-48, Doc. 27 at 10-11 (quoting Freytag, 501 U.S. at 879), and went "to the validity of the . . . proceeding which is the basis for [the] litigation," id. (quoting Freytag, 501 U.S. at 879), and the court

observing that the circumstances in the matter *sub judice* align squarely with

Bizarre, in that the "final decision" of the agency in this case was issued by an

administrative officer whose appointment did not comply with constitutional

requirements, and that the plaintiff raised the Appointments Clause issue with the

first court before which he could present it, in the immediate wake of the Supreme

Court decision undergirding the claim, and the court thus finding that the *ratio*

*decidendi* underlying our decision in Bizarre applies with equal force to the instant

appeal, and incorporating same in full herein, it is hereby ORDERED that:

1. The court declines to adopt the magistrate judge's report (Doc. 17) for the reasons stated hereinabove.

2. The Clerk of Court is DIRECTED to enter judgment in favor of plaintiff and against the Commissioner as set forth in the following paragraph.

3. The Commissioner's decision is VACATED and this matter is REMANDED to the Commissioner with instructions to conduct a new hearing and issue a new decision in accordance with this order. The new hearing shall be conducted by a different administrative law judge who has been properly appointed in accordance with the Appointments Clause of the United States Constitution.

4. The Clerk of Court shall thereafter CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania